UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JAN 0 6 2006

Michael N. Milby, Clerk

| | | |
|---|---|---|
| DUANE EDWARD BUCK, | § | |
| Petitioner | § | |
| V. | § | MISC. ACTION NO. 03-386 |
| | § | |
| DOUGLAS DRETKE, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Divisions, | § | |
| Respondent | § | |

BUCK'S RESPONSE TO RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DUANE BUCK, hereinafter Defendant, in the above entitled and

numbered cause, and hereby files this his response to Respondent Motion for Summary

Judgment:

1.      As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to

summary judgment, applies with equal force in the context of habeas corpus cases. *Clark*

*v. Johnson,* 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831, 121 S. Ct. 84, 148 L.

Ed. 2d 46 (2000). When considering summary judgment motions in ordinary civil cases, "the

evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn

in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S.

Ct. 2505 (1985). A petition for writ of habeas corpus is technically a civil action in federal

court. *See Archer v. Lynaugh,* 821 F.2d 1094, 1096 (5th Cir. 1987). This case, however, is

1

not an ordinary civil action but a federal habeas action challenging a state court judgment. The Federal Rules of Civil Procedure are thus applicable only to the extent that they do not conflict with the habeas rules and to the extent appropriate. *See* Rule 11, 28 U.S.C. foll. § 2254. In this case, there are unusual claims revolving around Respondent's argument that the jury should consider the testimony of Dr. Walter Quijano regarding the fact of Buck's race as evidence of Buck's future dangerousness. The facts are uncontested. The legal implication of those facts are contested.

2.      Buck hereby adopts all arguments made in support of his claims for relief in his original post conviction writ of habeas corpus.

3.      By its Motion for Summary Judgment, Respondent is asking this Court to uphold Buck's death sentence despite the testimony from Dr. Walter Quijano who explained that Buck's race could be a factor that the jury could consider in making its life and death decision. Respondent asserts that Buck procedurally defaulted by not objecting to the testimony in the trial court, not raising the issue on direct appeal nor in his original habeas petition. Buck did raise the issue in a subsequent state habeas petition which was denied by Court of Criminal Appeals which has continuously rejected similar claims for relief.

It is uncontradicted that during the penalty phase of Petitioner's capital murder trial, the defense called Dr. Walter Quijano as an expert witness. Asked to detail statistical factors which indicate whether convicted murderers would pose a continuing threat to society, Quijano mentioned a number of circumstances, including race, and stated that "minorities,

Hispanics and black people are over represented in the Criminal Justice System." On cross examination, the prosecuting attorney revisited this issue, without objection from defense counsel, eliciting from Quijano the conclusion that "the race factor, black, increases the future dangerousness for various complicated reasons." During his closing argument, the prosecutor invited the jury to recall the testimony of Dr. Quijano, "who told you that there was a probability that the man would commit future acts of violence." Thus, the Respondent embraced Quijano's conclusion that a black man would, more than likely, be a future danger simply because of his race..

Since the Respondent adopted Quijano's race based  opinion and argued its significance, this case should not be treated any differently than the other death penalty cases in which the Respondent conceded error based on the presentation of Quijano's race driven opinions. It is unconscionable that the Respondent is arguing in the instant case that Buck's death sentence should be upheld even though it is supported by testimony and jury argument that a person's race can be a factor for the jury's consideration to take a man's life.

This case presents another, less common comity interest - federal intra-court comity. Under this doctrine, absent unusual circumstances, judges of coordinate jurisdictions within a jurisdiction should follow brethren judge's rulings, particularly regarding the treatment of similarly-situated criminal defendants. *United States v. Anaya*, 509 F. Supp. 289, 293 (S.D.Fla. 1980) (*en banc*), aff'd.,685 F.2d 1272 (11th Cir. 1982). At least five other petitioners raised identical claims, and in no case did the federal courts find those claims

procedurally default.  The only difference is that in each of those cases, the Respondent conceded error.  This case should not be any different.

For example,  this Court faced a similar issue in *Broxton v. Johnson,* H-00-CV-1034, 2001 U.S. Dist. LEXIS 25715 (March 28, 2001). Like Buck,  Broxton contended that his constitutional rights were violated when the State interjected the issue of race into the future dangerousness special issue in the punishment phase. Specifically, Broxton points to the testimony of Dr. Walter Quijano, a psychologist who testified for the State.  Dr. Quijano testified that race is one of twenty-four factors to be weighed in determining future dangerousness.  Like Buck, Broxton argued that under *Zant v. Stephens,* 462 U.S. 862, 865, 77 L. Ed. 2d 235, 103 S. Ct. 2733 (1983), the use of race as a factor for determining the imposition of the death penalty is constitutionally impermissible and irrelevant.  Broxton asked this Court to set aside his death sentence.  Unlike Buck,  Broxton did not present this claim to the state courts and, thus, the claim was technically unexhausted.  However, the Respondent, unlike the instant case, expressly waived exhaustion and procedural default regarding issues relating to Quijano. The only difference between Broxton's and Buck's case is that initially Quijano was called as a witness by Buck's lawyer.  Respondent embraced Quijano's opinion concerning race and argued it to the jury that Quijano's opinion supported a determination that Buck was a future danger and that the death sentence, the ultimate punishment should be imposed. There is no difference between Buck's claim and the claim upheld by this Court in Broxton's case..

As this Court noted in Broxton:

"Discrimination on the basis of race, odious in all respects, is especially pernicious in the administration of justice." *Rose v. Mitchell,* 443 U.S. 545, 555, 61 L. Ed. 2d 739, 99 S. Ct. 2993 (1979). "The Equal Protection Clause prohibits the state from using race in its decision-making, unless it can meet the most exacting scrutiny . . . justified by a compelling government interest." *United States v. Webster,* 162 F.3d 308, 355 (5th Cir. 1998) (quotation omitted), *cert. denied,* 528 U.S. 829, 145 L. Ed. 2d 70, 120 S. Ct. 83 (1999). Respondent confesses error with regard to this claim and agrees [*15] that Broxton is entitled to a new sentencing hearing. The Court finds that the introduction of race as an factor to consider with respect to future dangerousness is constitutionally impermissible and totally irrelevant to Texas' special issues. The Court finds that the use of race in the punishment phase violated Broxton's constitutional rights. Due process of law requires that the jury's decision to impose death must be set aside. This Court provisionally grants the writ of habeas corpus on this claim and orders that a new sentencing hearing be held.

Respondent's summary judgment should be denied and Buck should be granted, at least, a new punishment hearing.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this court deny and

overrule the Respondent's motion for summary judgment and grant all relief for which he

may be entitled..

Respectfully submitted,

SCHNEIDER & McKINNEY, P.C.

Stanley G. Schneider
T.B.C. No. 17790500
2110 Lyric Centre
440 Louisiana
Houston, Texas 77002
713-951-9994
FAX 713-224-6008

ATTORNEY FOR PETITIONER

6

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the attached and foregoing document has been served on the Attorney General's Office by mailing a copy to P.O. Box 12548, Austin, TX 78711-2548, on this 6th day of January, 2006.

Stanley G. Schneider