UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DUANE EDWARD BUCK, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | No. 4:04-cv-03965 |
| | § | |
| DOUG DRETKE, Director | § | |
| Texas Department of | § | |
| Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### RESPONDENT DRETKE'S REPLY
### TO PETITIONER'S RESPONSE TO RESPONDENT'S
### MOTION FOR SUMMARY JUDGMENT

Petitioner Duane Edward Buck was properly convicted and sentenced to die in Texas state court for capital murder for killing Kenneth Butler and Debra Gardner in the same criminal transaction. On October 14, 2004, Buck filed a federal habeas petition challenging his presumptively valid conviction and sentence in this Court pursuant to 28 U.S.C. §§ 2241 & 2254. DCT 1.[1] The Respondent ("the Director") filed an Answer and Motion for Summary on September 6, 2005. DCT 6 & 7. On November 7, 2005, this Court set a deadline for Buck to respond and set a date of February 6, 2006, for the Director to reply to Buck's response. DCT 10. The Director now timely responds to Buck's response.

---

[1] "DCT" refers to this Court's electronic docketing PACER system followed by the reference number(s).

Buck argues that "there are unusual claims revolving around Respondent's argument that the jury should consider the testimony of Dr. Walter Quijano regarding the fact of Buck's race as evidence of Buck's future dangerousness." DCT 11, at 2. Buck goes on to state that "the Respondent embraced Quijano's conclusion that a black man would, more than likely, be a future danger because of his race." DCT 11, at 3. From these statements, Buck then leaps to the conclusion that "since the Respondent adopted Quijano's race based opinion and argued its significance, this case should not be treated any differently than the other death penalty cases in which the Respondent conceded error." *Id.* Finally, Buck concludes that "[i]t is unconscionable that Respondent is arguing in the instant case that Buck's death sentence should be upheld even though it is supported by testimony and jury argument that a person's race can be a factor for the jury's consideration to take a man's life." *Id.* There are, however, several inaccuracies in these statements and others made in his response that the Director wishes to correct.

1. First, the Director and the prosecutor are not the same entity. *See Fierro v. Johnson,* 197 F.3d 147, 155 (5th Cir. 1999)("The attorneys for the Texas Department of Corrections in a federal habeas case do not act as prosecutors of the crime investigated by the law enforcement officers.") The Respondent was not in the courtroom asking Dr. Quijano questions and has not defended Dr. Quijano's use of race in predicting future dangerousness.

2. Even if the Director and the prosecutor are lumped together under some "State" umbrella designation, it is a vast overstatement to say that the prosecutor "embraced" Dr. Quijano's use of race. Rather, the prosecutor chose to note that there were factors that were contrary to Dr. Quijano's ultimate opinion, including sex. Further, only one question mentioned the words "race" or "black" (the same question) and *it was never mentioned in closing argument*, despite Buck numerous inferences to the contrary. 28 RR 160 (lines 8-15). Again it was Buck who called Dr. Quijano to testify (28 RR 101), Buck who introduced the various factors used to formulate Dr. Quijano's conclusion (28 RR 109-11), and most importantly, Buck who both failed to preserve error on this point and failed to present his claim of error properly to the state courts. *See* DCT 6 & 7, pgs 21-25.

3. Thus, the Director is not arguing that Buck's race was properly considered, but rather that any error that occurred from Dr. Quijano's methodology was due to Buck's introduction of it. The Director, therefore, asserts that independent and adequate state law prevents this Court from granting Buck relief because not only did he cause this error but he failed to preserve it for appellate review. Moreover, on top of these failures, Buck failed to properly present his claim of error to the state court in a procedurally correct manner. Buck is trying to blame the Director for his errors and failures, that is what is *unconscionable*.

4. Despite Buck's multiple arguments to the contrary, there are numerous reasons to distinguish this case from the others where the Director has conceded error. As noted in the Director's Motion for Summary Judgment, there are many restrictions on the State's ability to introduce evidence and relatively few on the defendant. This is as it should be. Another defendant might wish to rely on evidence of race and culture to explain a poor choice but it would be undeniably wrong for the State to do so. And, the State did not do so here as it was Buck who introduced this evidence.

5. Finally, Buck argues that summary judgment is inappropriate because although "[t]he facts are uncontested . . . . [t]he legal implication of those facts are . . . ." This statement fundamentally misapprehends the summary judgment standard, which is fully set out in the Director's motion for summary judgment. DCT 6 & 7, pgs 6-9  As shown, summary judgment is fully appropriate because there is no factual issue in need of resolution.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that his motion for summary judgment be granted, that Buck's federal petition for writ of habeas corpus be denied with prejudice and that no certificate of appealability issue with regard to any of the claims raised in the instant federal habeas petition.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Postconviction Litigation Division

s/ Ellen Stewart-Klein
*ELLEN STEWART-KLEIN
Assistant Attorney General
State Bar No. 24028011
Southern District Bar No. 27861

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1600
Facsimile No. (512) 320-8132

ATTORNEYS FOR RESPONDENT

*Attorney in Charge

# CERTIFICATE OF SERVICE

I, ELLEN STEWART-KLEIN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Respondent Dretke's Reply to Petitioner's Response to Respondent's Motion for Summary Judgment** has been served by placing same in the United States mail, postage prepaid, on the 26th day of January, 2006, addressed to Petitioner's attorney as follows:

Stanley G. Schneider
440 Louisiana Street
Suite 2110
Houston, Texas 77002

        s/ Ellen Stewart-Klein
        ELLEN STEWART-KLEIN
        Assistant Attorney General