UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DUANE EDWARD BUCK, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | No. H-4:04-cv-03965 |
| | § | |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent.[1] | § | |

**RESPONDENT'S ADVISORY**

This case concerns a petition for writ of habeas corpus filed by Texas-state-prisoner Duane Edward Buck challenging his capital-murder conviction and sentence of death. In Buck's petition he argued that his constitutional rights to due process and equal protection were violated by the punishment-phase testimony of his own expert, Dr. Quijano. Buck also claimed that his trial counsel was ineffective for eliciting this testimony. In his response, the Director argued that Buck had procedurally defaulted these claims and distinguished this case from the case of Victor Hugo Saldano and others wherein the Director had waived such bars and confessed error (collectively referred to as "the *Saldano* cases"). *See Saldano v. Cockrell,* 267 F. Supp. 2d 635, 639-40 (E.D. Tex. 2003). The Director stands by these assertions but feels compelled to notify this Court of persuasive, relevant authority recently decided by the Fifth Circuit.

---

[1] The previous named respondent in this action was Doug Dretke. Effective June 1, 2006, Nathaniel Quarterman succeeded Dretke as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Quarterman is automatically substituted as a party.

In *Granados v. Quarterman,* slip op. 05-70009, 2006 U.S. App. LEXIS 16828 (5th Cir. July 5, 2006), the court held that Granados had not received constitutionally inadequate representation. Granados's lawyer called Dr. Quijano to testify who noted the over-representation of certain race/ethnic groups in the prison population in his assessment of the defendant's future dangerousness. Ultimately, Dr. Quijano concluded, as he did in Buck's case, that the defendant was unlikely to be a future danger. The Fifth Circuit noted trial counsel's deliberate strategy in introducing this evidence and found that it was not unreasonable, also finding that the state courts were not unreasonable in denying Granados relief. *Id.* at *13-*16. Finally, the court expressly distinguished the case stating, "The use of Dr. Quianjo's [sic[2]] testimony here is very different from the situation in which he testified for the State and expressly linked the defendant's race to the likelihood of future dangerousness, cases in which the State confessed error." *Id.* at *15 n.9.

The Director notes that *Granados* can be distinguished from the present case. Nevertheless, it shows that the Fifth Circuit does not simply view the admission of Dr. Quijano's testimony as error in and of itself. Further, it again notes the deference due to both the state courts and to the strategy decisions of trial counsel. The Directors hopes this case aids this Court in ruling on Buck's allegations and the Director's defenses.

>
> Respectfully submitted,
>
> GREG ABBOTT
> Attorney General of Texas
>
> KENT C. SULLIVAN
> First Assistant Attorney General

---

[2] There appear to be various spellings of this name but the more commonly used and accepted one is the one the Director uses.

DON CLEMMER
Deputy Attorney General
for Criminal Justice

GENA BUNN
Chief, Postconviction Litigation Division
Assistant Attorney General


\*Attorney in Charge

s/ Ellen Stewart-Klein
ELLEN STEWART-KLEIN
Assistant Attorney General
State Bar No. 24028011
Southern District Bar No. 27861

P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 936-1600
(512) 320-8132 (Fax)

ATTORNEYS FOR RESPONDENT


### CERTIFICATE OF SERVICE

I, ELLEN STEWART-KLEIN, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Respondent's Advisory** has been served electronically and by placing same in the United States mail, postage prepaid, on this the 12th day of July addressed to Petitioner as follows:

Stanley G. Schneider
440 Louisiana Street
Suite 2110
Houston, Texas 77002

s/ Ellen Stewart-Klein
ELLEN STEWART-KLEIN
Assistant Attorney General