IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DUANE EDWARD BUCK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:04-cv-03965 |
| | § | ***CAPITAL CASE*** |
| WILLIAM STEPHENS, Director, | § | |
| Correctional Institutions Division, | § | |
| Texas Department of Criminal Justice, | § | |
| | § | |
| Respondent. | § | |

NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF
*PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)*

Petitioner, Duane Edward Buck, is currently confined on death row in the custody of the Polunsky Unit of the Texas Department of Criminal Justice, in Livingston, Texas. On December 23, 2013, Mr. Buck filed a *Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6)* ("*60(b)(6) Motion*"), Doc. 49, asserting that his trial counsel's substantial ineffective assistance of counsel during the penalty phase of his trial, the unique and extraordinary circumstances of his case, and the United States Supreme Court's rulings in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), entitle him to reopening of the judgment so this Court may consider whether he is entitled to a new, fair capital sentencing proceeding. The Fifth Circuit's recent decision in

*Haynes v. Stephens*, No. 12-70030, 2014 WL 3703996 (5th Cir. July 28, 2014), elucidates the broad authority of this Court with respect to motions filed under Rule 60(b)(6).

In *Respondent Stephens's Amended Response to Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6)* ("*Am. Response*"), Doc. 59, the Director claimed that *Adams v. Thaler*, 679 F.3d 312 (5th Cir. 2012), and *Diaz v. Stephens*, 731 F.3d 370 (5th Cir. 2013), require this Court to reject Mr. Buck's *60(b)(6) Motion* because, according to the Director, those decisions announce a categorical rule that *Martinez* and *Trevino* cannot support relief under Rule 60(b). However, in Mr. Buck's *Reply in Further Support of Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6)* ("*Reply*"), Doc. 64, he explained that the Fifth Circuit has rejected the Director's interpretation of those cases, and that *Adams* and *Diaz* are distinguishable from Mr. Buck's case. Mr. Buck also noted that – unlike his case, which involves multiple extraordinary circumstances – the Fifth Circuit denied relief in *Adams* because the petitioner's Rule 60(b) motion relied <u>solely</u> on the change in law (*Martinez*) and the fact of his death sentence. Mr. Buck further noted that the Fifth Circuit denied relief in *Diaz* based on its review of the unique facts and circumstances of that case, not because of the petitioner's partial reliance on *Martinez*. Mr. Buck also detailed the Fifth Circuit's decision in *Balentine v. Stephens*, 553 F. App'x 424 (5th Cir. 2014), which rejected the Director's argument that *Adams* and *Diaz* preclude Rule 60(b) relief in cases relying, in whole or in part,

2

on *Martinez*. Instead, the *Balentine* court remanded the case to the district court for a determination of the applicability of *Martinez* and *Trevino*.

On July 28, 2014, the Fifth Circuit announced another decision demonstrating the inaccuracy of the Director's argument that any reliance on, or citation to, *Martinez* or *Trevino* is a *per se* bar to relief under Rule 60(b). In *Haynes*, the Fifth Circuit granted the petitioner's application for a Certificate of Appealability and remanded his Rule 60(b) motion – which relied, in part, on *Martinez* – to the district court for further review pursuant to *Trevino*. 2014 WL 3703996, at *1. In so doing, the Fifth Circuit once again rejected the Director's argument that *Adams* and *Diaz* categorically preclude Rule 60(b)(6) relief under these circumstances and emphasized in their holding that district courts reviewing motions for relief under Rule 60(b) have "'especially broad'" discretion that is "subject only to 'limited and deferential appellate review.'" *Id.* (quoting *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992); *Gonzales v. Crosby*, 545 U.S. 524, 535 (2005)).

## CONCLUSION

In light of the Fifth Circuit's recent decision in *Haynes*, and the reasons set forth in Mr. Buck's prior pleadings, this Court should grant Rule 60(b)(6) relief in order to determine whether a new, fair sentencing hearing is constitutionally required.

Respectfully submitted,

/s/ Christina A. Swarns
Christina A. Swarns*
Admitted Pro Hac Vice
Fed ID No. 635946
NAACP LEGAL DEFENSE
  & EDUCATIONAL FUND, INC.
40 Rector Street, Fifth Floor
New York, NY 10006
Tel. (212) 965-2200
cswarns@naacpldf.org
Counsel in Charge

Katherine C. Black*
Fed ID No. 963500
LAW OFFICES OF
KATHERINE C. BLACK, PLLC
Post Office Box 2223
Houston, Texas 77252
Tel. (713) 226-7027
kblack@blacklawoffice.org

Kathryn M. Kase
Fed ID No. 33075
TEXAS DEFENDER SERVICE
1927 Blodgett Street
Houston, Texas 77004
Tel. (713) 222-7788
kmkase@texasdefender.org

*Appointed Counsel for Duane Buck

4

# CERTIFICATE OF SERVICE

I certify that on August 11, 2014, a copy of the foregoing pleading was served on Respondent by filing the document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court.

Fredericka Sargent
Assistant Attorney General
Post-Conviction Unit
Office of the Texas Attorney General
300 West 15th Street, 8th Floor
Austin, TX 78701
fredericka.sargent@texasattorneygeneral.gov

/s/ Christina A. Swarns
_____
**Christina A. Swarns**